IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 14-cv-00752-LTB-MEH

CHARLIE ESPINOSA,

    Petitioner,

v.

NEXION HEALTH, INC.,

    Respondent.

---

ORDER

---

This case is before me on Petitioner Charlie Espinosa's Petition to Compel Arbitration [Doc # 1]. After consideration of the Petition, all related pleadings, and the case file, I grant the Petition as set forth below.

**I.  Background**

By the Petition, Mr. Espinosa seeks to compel arbitration of his claims against Respondent Nexion Health, Inc. ("Nexion") arising out of the alleged wrongful death of Helen Espinosa while a full-time resident at one of Nexion's nursing facilities. Mr. Espinosa asserts that arbitration of these claims is mandated by Nexion's Resident and Facility Arbitration Agreement (the "Arbitration Agreement") which provides that

> ..any legal dispute, controversy, demand or claim ... that arises out of or relates to the Resident Admission Packet or any services of health care provided by the Facility to the Resident, including the scope of this arbitration clause and the arbitrability of any claim or dispute, shall be resolved exclusively by binding arbitration to be conducted at a place agreed upon by the parties, or in the absence of such agreement at the Facility, in accordance with the National Arbitration Forum ("NAF") code of procedure that is hereby incorporated into this agreement,* and not by a lawsuit or resort to court process except to the extent that applicable state or federal law provides for judicial review of arbitration proceedings or the judicial enforcement of arbitrations awards.  This agreement shall be governed and interpreted under the Federal Arbitration Act, 9 U.S.C. Sections 1-16.

*See* Exhibit 1 to Petition.

Mr. Espinosa notified Nexion of the underlying claims by letter dated April 9, 2013 and demanded arbitration within 90 days pursuant to the Arbitration Agreement by letter dated September 3, 2013. *See* Exhibits 2 & 3 to Petition. Nexion's liability insurance carrier advised Mr. Espinosa that it would not agree to arbitrate his claims by communications dated November 22, 2013 and December 3, 2014. *See* Exhibits 5 & 7 to Petition.

In its Response to Mr. Espinosa's Petition, Nexion draws the Court's attention to *Morrison v. Colorado Permanente, Medical Group, P.C.,* 983 F. Supp. 937 (D. Colo. 1997) and *Allen v. Pacheco,* 71 P.3d 375 (Colo. 2003). I therefore focus my analysis on whether the Arbitration Agreement is enforceable in light of the principles set forth in these cases.

## II.  Analysis

Section 13-64-403(3) & (4), C.R.S, of the Colorado Health Care Availability Act ("CHCAA") sets forth specific language that must be included in arbitration agreements relating to medical services. The Arbitration Agreement does not comply with these requirements. The issue therefore is whether the Arbitration Agreement is unenforceable under the CHCAA.

In *Morrison,* I held that § 13-64-403(3) & (4) of the CHCAA was preempted by the Federal Arbitration Act ("FAA") which provides:

> A written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. In so doing, I relied in part on *Doctor's Assocs., Inc. v. Casarotto,* 517 U.S. 681, (1996), wherein the Supreme Court held that "[c]ourts may not ... invalidate arbitration agreements under state laws applicable only to arbitration provisions." *Morrison, supra,* 983 F. Supp. at 943 (*quoting Doctor's Associates, Inc.,* 517 U.S. at 687).

In *Morrison*, I did not address what effect, if any, the McCarran-Ferguson Act had on the conflict between the arbitration provisions of the CHCAA and the FAA. The McCarran-

Ferguson Act provides:

> No act of Congress shall be construed to invalidate, impair or supersede any law enacted by any State for the purpose of regulating the business of insurance ... unless such Act specifically relates to the business of insurance.

15 U.S.C. § 1012(b).

In *Allen*, a majority of the Colorado Supreme Court held that the McCarran-Ferguson Act "reverse-preempted" the FAA's preemption of § 13-64-403(3) & (4) of the CHCAA. *Allen, supra,* 71 P.3d at 384. In support of this holding, the majority concluded that the arbitration provisions of the HCAA qualified as a statute enacted for the purpose of regulating the business of insurance

> to the extent that [these provisions] do specifically regulate the relationship between a health insurer and its policyholder ... and to the extent that these provisions ... do further the interests of these policyholders by ensuring adequate notice of arbitration agreements ....

*Id.* In the dissenting opinion, the minority disagreed with the majority's holding that the McCarran-Feguson Act is applicable to the CHCAA because, in its view, the CHCAA is not aimed at regulating the business of insurance. *Id.*

*Allen* is not binding authority on this Court because it is principally concerned with the interpretation of federal law; that is, whether the McCarran-Ferguson Act is applicable to § 13-64-403(3) & (4) of the CHCAA. I further conclude that there are compelling reasons not to apply the chief holding in *Allen* to this case so as to invalidate the Arbitration Agreement.

The arbitration agreement at issue in *Allen* was contained in an agreement with a health maintenance organization. *Id.* at 376. As recognized by the majority, "the relationship between an HMO 'medical service provider' and 'patient' is the relationship between a 'medical insurer' and 'insured.'" *Id.* at 383 n. 9. In contrast, the Arbitration Agreement in this case is wholly unrelated to the business of insurance. The majority's conclusion that the McCarran-Ferguson Act operates to reverse-preempt the FAA is therefore less persuasive under the circumstances of this case since Colorado's right to regulate insurance would not be impacted in any way by the FAA's preemption of § 13-64-403(3) & (4) of the CHCAA.

Additionally, the majority's analysis in *Allen* focused in part on the fact that § 13-64-403(3) & (4) of the CHCAA furthered the interests of the deceased policyholder and his heirs by ensuring that they had proper notice of the arbitration agreement that the defendants were seeking to enforce. *Id.* at 383. In contrast, here it is Nexion, the service provider who drafted the Arbitration Agreement, that seeks to avoid its enforcement. Under these circumstances, one of the justifications the majority expressed in *Allen* for applying § 13-64-403(3) & (4) of the CHCAA notwithstanding federal law favoring the arbitration of disputes is not present in this case.

I therefore conclude that the McCarran-Ferguson Act is inapplicable under the particular facts and circumstances of this case. Consistent with *Morrison* then, the FAA preempts § 13-64-403(3) & (4) of the CHCAA, and the Arbitration Agreement is enforceable against Nexion despite its non-compliance with the requirements of the CHCAA.

## IV. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Petitioner Charlie Espinosa's Petition to Compel Arbitration [Doc # 1] is GRANTED;

2. The claims in this case shall be submitted to arbitration as provided for in the Arbitration Agreement; and

3. This action is DISMISSED WITHOUT PREJUDICE.

Dated: June  19 , 2014 in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock       
LEWIS T. BABCOCK, JUDGE